MICHAEL D. LONG  (CA State Bar #149475)
901 H Street, Suite 301
Sacramento, CA 95814
(916) 201-4188
Mike.Long.Law@msn.com

Attorney for Defendant
JOAQUIN SOTELO-VALDEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE GUADALUPE LOPEZ-ZAMORA,<br>LEONARDO FLORES BELTRAN,<br>JOAQUIN ALBERTO SOTELO VALDEZ,<br>ERIKA GABRIELA ZAMORA ROJO,<br>SANDRO ESCOBEDO,<br>JOSE LUIS AGUILAR SAUCEDO, and<br>ROSARIO ZAMORA ROJO,<br><br>Defendants. | Case No.: 2:21-cr-007 DAD<br><br>REVISED STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br><br>New Date: January 16, 2024<br>Time:       9:30 a.m.<br>Court:      Hon. Dale A. Drozd |

     Plaintiff United States of America by and through Assistant United States Attorney David Spencer, and Attorney Todd Leras on behalf of Defendant Jose Lopez Zamora, Attorney Christopher Cosca on behalf of Defendant Leonardo Flores Beltran, Attorney Michael Long on behalf of Defendant Joaquin Sotelo Valdez, Attorney Jennifer Mouzis on behalf of Defendant Erika Zamora Rojo, Attorney Dina Santos on behalf of Defendant Jose Aguilar Saucedo, and

ORDER CONTINUING STATUS
CONFERENCE

Attorney Shari Rusk on behalf of Defendant Rosario Zamora Rojo, stipulate as follows:

1. This matter is set for a status conference on September 26, 2023. Defendants move to continue the status conference to January 16, 2024.

2. This case alleges the existence of a drug distribution conspiracy involving, among other substances, fentanyl, cocaine, and methamphetamine. The Drug Enforcement Administration's investigation included controlled purchases of various controlled substances and the use of Court-authorized wiretaps on telephones associated with the drug distribution conspiracy, including a phone being used to coordinate deliveries from Mexico.

3. This matter has been reassigned three times (ECF Entry 226 – from Judge England to Judge Mendez; ECF Entry 317 – from Judge Mendez to Judge Nunley; and ECF Entry 357 – from Judge Nunley to this Court). On March 3, 2022, the United States filed a Superseding Indictment (ECF Entry 276). The Superseding Indictment included, among other changes from the original Indictment, expansion of the date range for the charged conspiracy by approximately one year. It also added a money laundering conspiracy and heroin distribution charges.

4. On August 24, 2023, the Court arraigned Sandro Escobedo and appointed Susan K. Gellman to represent him. (ECF Entry 481.) On October 11, 2022, Attorney Martin Tejeda filed a Motion to Withdraw as Counsel of Record for Defendant Erika Zamora Rojo (ECF Entry 382). This Court heard and granted the motion to withdraw on October 25, 2022. (ECF Entry 393). The Court granted a substitution request allowing Attorney Jennifer Mouzis to represent Defendant Erika Zamora Rojo as

ORDER CONTINUING STATUS CONFERENCE

appointed counsel in this matter on December 5, 2022.  (ECF Entry 408).

5. The discovery in this case is voluminous.  The government provided several rounds of discovery productions which included approximately 7,800 pages of reports, transcripts, photographs, and other materials produced during the investigation.  The intercepted telephone calls alone comprise hundreds of hours of conversations between various participants in both English and Spanish.  On January 19, 2023, this Court approved the appointment of Discovery Coordinating Attorney John C. Ellis to assist with the discovery materials produced by the government.  (ECF Entry 426).

6. Upon returning from her father's memorial service in Pennsylvania, on Wednesday of this week, Susan Gellman received in the mail from the coordinating discovery John Ellis, a 4 TB hard drive containing all of the discovery in this case.  Ms. Gellman is now just starting to view the reports, audios and videos provided by the government via John Ellis.  Ms. Gellman anticipates that reviewing the provided discovery will take her until mid-January of 2024.  Ms. Gellman has yet to meet with her new client, Sandro Escobedo, because he is still housed by the CDCR in North Kern State Prison, which is located in Delano, CA.  Once Mr. Escobedo is in federal custody, Mr. Gellman will be able to begin showing the discovery to Mr. Escobedo.  Until she is able to meet with Mr. Escobedo, she cannot discuss the Indictment, the legal motions and discovery with him, and she cannot advise him about potential resolution versus a jury trial.  Ms. Gellman needs until our requested new date of January 16, 2024, to review the discovery herself, and also with Mr. Escobedo, so she can provide him effective advice regarding resolving with a plea agreement versus demanding a jury

ORDER CONTINUING STATUS
CONFERENCE

trial.

7. On September 21, 2023, AUSA David Spencer has informed undersigned counsel that if this case proceeds to jury trial, he would argue for Sandro Escobedo to be tried in the same jury trial along with all other defendants who have not resolved with a guilty plea.

8. During the first week of March, 2023, Mr. Ellis produced to defense counsel flash drives containing the complete discovery materials (the "March 2023 production") produced to date along with various tools to assist defense counsel with accessing them. The March, 2023 production allowed access to additional materials which expanded the volume of discovery to approximately 55,500 pages of material. Mr. Ellis provided a training session to defense counsel to provide instruction in how to access and manage various case materials within the March 2023 production. [Note: this is the same discovery attorney Susan Gellman received on Tuesday, September 19, 2023.]

9. This case is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(A), (B)(ii) [Local Code T-2], as this Court previously found in its February 10, 2021 Order (ECF Entry 103) and subsequent orders.

10. Defendants Lopez Zamora is housed at the Yuba County Jail in Marysville, California. Defendant Sotelo Valdez is housed at the Wayne Brown Correctional Facility (WBCF) in Nevada City, California. The Yuba County Jail is approximately forty-two miles from downtown Sacramento, while the distance to WBCF is approximately sixty-five miles. Attorney travel for client visits is therefore a

ORDER CONTINUING STATUS CONFERENCE

necessary part of discovery review and defense preparation in this case. In addition, both the Yuba County Jail and WBCF restrict when attorneys can use electronic devices to access audio and video evidence during client meetings. These restrictions complicate review of recorded portions of the discovery with Mr. Lopez Zamora and Mr. Sotelo Valdez.

11. All defense counsel require additional time to continue review of the discovery materials with their respective clients and to conduct defense investigation stemming from them.

12. Given the continuing defense review of the discovery materials and investigation of matters related to them, including those materials accessible following the March 2023 production, Defendants request to continue the status conference to January 16, 2024. They further move to exclude time between September 26, 2023, and January 16, 2024, inclusive, under Local Code T-4. The government does not oppose the request.

13. All defense counsel represent and believe that failure to grant additional time as requested would deny Defendants the reasonable time necessary for effective preparation, considering the exercise of due diligence.

14. Based on the above-stated facts, Defendants jointly request that the Court find that the ends of justice served by continuing the case as requested outweigh the best interest of the public and the Defendants in a trial within the time prescribed by the Speedy Trial Act.

15. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et*

ORDER CONTINUING STATUS CONFERENCE

*seq.*, within which trial must commence, the time period of September 26, 2023, and January 16, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), and (B) (iv) [Local Code T-4] and 18 U.S.C. § 3161(h)(7)(A), and B (ii) [Local Code T-2] because it results from a continuance granted by the Court at Defendants' request on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the Defendants in a speedy trial.

16. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Assistant U.S. Attorney David Spencer, Attorney Christopher Cosca on behalf of Defendant Leonardo Flores Beltran, Attorney Susan Gellman on behalf of Defendant Sandro Escobedo, Attorney Michael Long on behalf of Defendant Joaquin Sotelo Valdez, Attorney Jennifer Mouzis on behalf of Defendant Erika Zamora Rojo, Attorney Dina Santos on behalf of Defendant Jose Aguilar Saucedo, and Attorney Shari Rusk on behalf of Defendant Rosario Zamora Rojo, have reviewed this stipulation and proposed order and authorized Michael Long via email to sign it on behalf of their respective clients.

DATED: September 21, 2023           PHILLIP A. TALBERT
                                     United States Attorney

                                     By  */s/ Michael Long for*
                                         DAVID SPENCER
                                         Assistant United States Attorney

ORDER CONTINUING STATUS
CONFERENCE

| | |
|---|---|
| DATED: September 21, 2023 | By   */s/ Michael Long for*<br>TODD D. LERAS<br>Attorney for Defendant<br>JOSE LOPEZ ZAMORA |
| DATED:  September 21, 2023 | By   */s/ Michael Long for*<br>CHRISTOPHER COSCA<br>Attorney for Defendant<br>LEONARDO FLORES BELTRAN |
| DATED:  September 21, 2023 | By   */s/ Michael Long*<br>MICHAEL D. LONG,<br>Attorney for Defendant<br>JOAQUIN SOTELO VALDEZ |
| DATED:  September 21, 2023 | By   */s/ Michael Long for*<br>JENNIFER MOUZIS<br>Attorney for Defendant<br>ERIKA ZAMORA ROJO |
| DATED: September 21, 2023 | By   */s/ Michael Long for*<br>DINA SANTOS<br>Attorney for Defendant<br>JOSE AGUILAR SAUCEDO |
| DATED:  September 21, 2023 | By   */s/ Michael Long for*<br>SHARI RUSK<br>Attorney for Defendant<br>ROSARIO ZAMORA ROJO |
| DATED:  September 21, 2023 | By   */s/ Michael Long for*<br>SUSAN K. GELLMAN<br>Attorney for Defendant<br>SANDRO ESCOBEDO |

ORDER CONTINUING STATUS CONFERENCE

# ORDER

BASED ON THE REPRESENTATIONS AND STIPULATION OF THE PARTIES, it is hereby ordered that the status conference in this matter, scheduled for September 26, 2023, is vacated.  A new status conference is scheduled for January 16, 2024, at 9:30 a.m.  The Court further finds, based on the representations of the parties and the request of all defense counsel, that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendants in a speedy trial.  Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), (B)(iv) [Local Code T-4] and 18 U.S.C. § 31616(h)(A), (B)(ii) [Local Code T-2], to allow necessary attorney preparation taking into consideration the exercise of due diligence for the period from September 26, 2023, up to and including January 16, 2024. **However, the undersigned will not continue the January 16, 2024 status conference scheduled by this order any further absent a new, truly compelling showing of good cause. The court notes that this case was indicted in early 2021 and the superseding indictment was returned over eighteen months ago.  Accordingly, all counsel are directed to be prepared to set a trial date at the January 16, 2024 status conference.**

IT IS SO ORDERED.

Dated:  **September 21, 2023**          /s/ Dale A. Drozd
                                  DALE A. DROZD
                                  UNITED STATES DISTRICT JUDGE

ORDER CONTINUING STATUS CONFERENCE